

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Feb. 17, 1948

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-504.

Re: Specific questions respect-
ing the applicability of
regulations which apply
generally to State depart-
ments, institutions, and
agencies, to the Texas
Employment Commission, in
amplification of Opinion
No. V-427.

Dear Sir:

We refer to your request for opinion on
several specific questions respecting the applica-
bility of regulations, which apply generally to
State Departments, institutions and agencies, to
the Texas Employment Commission in amplification
of Opinion No. V-427.

In Opinion No. V-427 this department held
that the Texas Employment Commission is a State Agency,
yet with respect to Federal funds expended for adminis-
tration of the agency the standards of the Social Secur-
ity Administrator and the United States Employment Ser-
vice of the Department of Labor and the rules and regu-
lations adopted by the Commission to meet such standards
primarily govern. Otherwise, the general provisions of
the laws of this State are applicable.

We can appreciate fully your continued concern
over the apparent conflict in State and Federal laws and
regulations which apply to this "State Agency" financed
through Federal appropriations. It is a perfect example
of the hybrid nature and the Federal control which may
be retained over a State Agency set up by co-operative
Federal and State Statutes and financed by Federal funds.
As pointed out in V-427 the terms and conditions of the
Federal Statutes are recognized and agreed to by our
State Statutes. Therefore, there is no alternative ex-
cept to give primary authority to the Federal laws and
regulations applicable just as the Texas Legislature has

done.   In this connection, you now present the follow-
ing questions:

"1. Is it necessary for the Legislative
Audit Committee to approve the Texas Employ-
ment Commission's budget for the expenditure
of its administration costs which are paid
from 'Federal' funds?

"2. Is it necessary for the Texas Em-
ployment Commission to purchase its supplies,
equipment, etc., and make its rental contracts,
through the State Board of Control, under the
same regulations that apply to other State
Departments, Institutions, and Agencies?"

We have not found any general provision of the
laws of this State which authorizes the Legislative
Audit Committee to approve any State department's bud-
get, nor is there any such provision in the Texas Unem-
ployment Compensation Act.   There are several provisions
in the Departmental Appropriation Act concerning approval
by the Legislative Audit Committee of the expenditure of
funds of various State departments.   It has been suggested
that possibly such necessity of the Legislative Audit Com-
mittee's approval of the Texas Employment Commission's
budget is implied from a similar paragraph of the Depart-
mental Appropriation Act, page 930, which reads:

"All the above items appropriated for
administration to the Texas Unemployment
Compensation Commission shall be subject
to the approval of the Legislative Audit
Committee and none of the funds herein
provided shall be spent until such approval
shall have been obtained,"

In our opinion this provision relative to the
Texas Employment Commission refers to the expenditure
of the items appropriated and not to the preparation
or approval of a budget.   The moneys are not granted
in trust by the Federal Government to the States, and
thus are not appropriated, until a budget has been pre-
pared and adopted in its final form.   In other words,
if the quoted provision grants any authority to the
Legialtive Audit Committee, such authority commences
after the budgetary process peculiar to the Texas
Employment Commission is completely finished.   We
again refer to Opinion No. V-427 for the construction

placed upon this quoted provision relative to expenditures.

Although it is not within the province of this office to construe the standards and programs of the various Federal agencies involved herein, we note that these standards and programs require the Texas Employment Commission to submit for consideration a budget request setting forth in detail the proposed expenditures. (Part IV, Vol. 1, Guide for State Employment Security Administration, Section 2000) Any differences are settled between the Commission and the respective regional supervisors with the final determination of the amounts necessary for the proper administration of the State's acts resting with the Federal agencies. (Section 2006, supra) These standards will reveal that there are no provisions for approval of the budget by any State Committee similar to the Legislative Audit Committee.

It is therefore our opinion that it is not necessary for the Legislative Audit Committee to approve the Texas Employment Commission's budget for the expenditure of its administrative costs which are paid from "Federal" funds.

Our attention has been called to Fiscal Instruction E. S. 501, Section 1200, which in effect holds that the State laws, rules, and regulations governing expenditures by State agencies shall control the expenditures of Federal funds granted for unemployment and employment service administration. Reference is made, however, to Sections 1030-33, Part IV, Volume I of Guide for State Employment Security Administration, which is an elaboration upon Section 1200 referred to above. These latter sections refer to a "State Practice," which is an established custom or usage, accepted and generally applied as an expenditure control in the fiscal administration of the State Government, as only one factor the Social Security Board will use in determining the necessity of expenditures by a State agency. Whether other factors give reason for the Board to deviate from the State Practice is solely within its province to decide.

Insofar as the procedure relative to rental contracts is concerned, we refer to Opinion No. O-5524, a copy of which we enclose herewith. This opinion held that these rental contracts did not have to be made through the Board of Control, and this opinion has been

incorporated as a part of the program of the Employment
Service of the Department of Labor. With reference to
this question we again refer to the standards of the
Federal agencies relative to rental of premises and note
that these contracts must receive approval of the respec-
tive regional offices. It is specifically provided that
the Bureau of Employment Security has the responsibility
for determining the reasonableness and the necessity of
the amounts requested for rental space and the regional
office of the USES will concern itself primarily with the
question of suitability of office space. (Part IV, Vol. 1,
Guide for State Employment Security Administration, Sec-
tion 2510) The requisites of these standards govern, and
since they require that the leases be made otherwise than
through a State agency similar to the Board of Control,
the conclusion follows that the rental contracts of the
Texas Employment Commission need not be made through the
Board of Control.

With reference to the question concerning the
necessity of the Texas Employment Commission purchasing
its supplies, equipment, etc., through the State Board
of Control, we refer to Opinion No. O-3737, wherein it
was held that the Commission did not have to follow the
manner and method of purchasing supplies and equipment
through the Board of Control which is applicable to other
State departments when purchases are made in the manner
and method as required by the rules, regulations, etc.,
of the Social Security Board. We have reviewed this
opinion and subsequent federal regulations and have not
found any regulation or law which would alter the con-
clusion reached therein.

After a study of the pertinent standards, rules
and regulations, we have found that at the present time
all of the interested Federal agencies have designated,
pursuant to their standards and rules and regulations,
the Fiscal Office of the Texas Employment Commission as
the procurement officer who is charged with the responsi-
bility of purchasing supplies and equipment.

It is true that the Bureau of Employment Security
does have in its standards and in its suggested rules and
regulations a "suggested process" by which the Commission
could under certain circumstances designate the State Board
of Control as its procurement officer. This portion of the
rules and regulations and standards of performance issued
by the Bureau of Employment Security, referred to above,
could possibly be used by the Bureau as a basis for desig-
nating the State Board of Control as its procurement officer,

provided the State Board of Control met with all the standards promulgated by the Bureau of Employment Security. Whether or not this procedure is to be followed, and, if so, if the standards have been met, is for the Bureau of Employment Security to determine, and we cannot therefore say as a matter of law whether or not these purchases should be handled through the Board of Control.

The United States Employment Service of the Department of Labor has its own separate laws under which to make a separate determination as to the method to be followed by the State agency in making these purchases. This Federal agency, as a basis for its grant of funds to a State, has what is known as a Plan of Operation. One of the items in this Plan of Operation is its fiscal processes, of which procurement of supplies, equipment, etc., is a smaller part. We refer to Section 22.203 of the Plan of Operation submitted by the Texas Employment Commission to the Secretary of Labor. In that section is found Attorney General's Opinion No. O-3737, which has been adopted by the Secretary of Labor and the United States Employment Service as its basis for the approval of the Texas Agency's operation insofar as the procurement of supplies, equipment, etc., are concerned.

As we have heretofore pointed out, these programs govern and require such purchases to be made other than through the Board of Control, and we again note that whether this procedure should be changed is within the discretion of the Secretary of Labor acting through the United States Employment Service. As the situation now presents itself, it is not necessary for the Commission to purchase its supplies, equipment, etc., through the Board of Control.

## SUMMARY

It is not necessary for the Legislative Audit Committee to approve the Texas Employment Commission's budget for the expenditure of its administration costs which are paid from Federal funds.

At the present time it is not necessary for the Texas Employment Commission to purchase its supplies, equipment, etc., and make its rental contracts, through the State Board of Control, under the same regulations that apply to other State Departments, Institutions, and Agencies.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By    *Robert O. Koch*
    Robert O. Koch
    Assistant

APPROVED

*Joe R. Greenhill*

ACTING ATTORNEY GENERAL

ROK:amm